IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION | PLAINTIFF |
| V. | CIVIL ACTION NO.: 1:25-CV-278-TBM-RPM |
| SMOKE BBQ LLC d/b/a COSMOS<br>and Thorny Oyster LLC | DEFENDANT |

**DEFENDANTS' COMBINED ANSWER AND AFFIRMATIVE
AND OTHER DEFENSES TO THE FIRST AMENDED COMPLAINT**

**NOW COME** Defendants, Smoke BBQ LLC ("Smoke") and Thorny Oyster LLC ("Thorny Oyster") (and together, "Defendants"), and submit this Combined Answer and Affirmative and Other Defenses to the First Amended Complaint of Plaintiff, Equal Employment Opportunity Commission ("EEOC"):

**Answer to First Amended Complaint**

Without waiving their defenses and specifically reserving all benefits and advantages that may be had to the many errors, uncertainties, imperfections, and insufficiencies of the First Amended Complaint ("Complaint"), Defendants specifically answer the allegations of the Complaint as follows:

**NATURE OF THE ACTION**

Defendants acknowledge that EEOC brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 ("Title I"), but they deny all conclusions, allegations, and implications including, but not limited to, that Defendants engaged in any unlawful employment practices because of sex, that non-party, Brittany Ollie ("Charging Party" or "Ms. Ollie"), was terminated because of her pregnancy, that Defendants are joint employers and/or a single integrated enterprise, that EEOC can state any claims under such

1

statutes, that such statutes were violated, that EEOC can establish any facts in support of such claims, that EEOC is entitled to seek and/or that Ms. Ollie is owed any relief allowed under the cited statutes and/or are otherwise entitled to any damages and/or relief.

## JURISDICTION AND VENUE

1. Defendants admit that this Court has jurisdiction over this matter, but they deny that 28 U.S.C. § 1337 provides any relevant basis for jurisdiction in this matter, and further deny all conclusions, allegations, and implications including, but not limited to, that Defendants are joint employers and/or a single integrated enterprise, that EEOC can state any claims under the cited statutes, that such statutes were violated, that EEOC can establish any facts in support of such claims, that EEOC is entitled to seek and/or Charging Party is owed any relief allowed under the cited statutes and/or are otherwise entitled to any damages and/or relief.

2. Defendant admit that they can be found within the jurisdiction of this Court, but they deny all remaining conclusions, allegations, and implications including, but not limited to, that any unlawful employment practices were committed.

## THE PARTIES

3. Defendants admit that EEOC is the Plaintiff in this matter, but deny all remaining conclusions, allegations and implications and assert the same are legal conclusions that they are not required to admit or deny but, nonetheless, deny.

4. Smoke admits that it is a Mississippi limited liability company doing business in Bay St. Louis, Mississippi, but it denies all remaining conclusions, allegations, and implications including, but not limited to, that it had fifteen or more employees for each working day in each of twenty or more calendar weeks in the relevant calendar years.

5. Smoke denies all conclusions, allegations, and implications including, but not limited to, that it is a labor organization and that 42 U.S.C. §§ 2000e(d) and (e) have any application to this matter.

6. Smoke denies all conclusions, allegations, and implications.

7. Thorny Oyster admits that it is a Mississippi limited liability company doing business in Bay St. Louis, Mississippi, and it admits that at all relevant times it has employed at least 15 employees, but it denies all remaining conclusions, allegations, and implications including, but not limited to, that it employed Ms. Ollie and that it is a joint employer with Smoke and/or a single integrated enterprise Smoke.

8. Thorny Oyster denies all conclusions, allegations, and implications including, but not limited to, that it is a labor organization and that 42 U.S.C. §§ 2000e(d) and (e) have any application to this matter.

9. Thorny Oyster denies all conclusions, allegations, and implications.

10. Defendants deny all conclusions, allegations, and implications.

    a. Admitted.

    b. Admitted.

    c. Defendants deny all conclusions, allegations, and implications.

    d. Defendants deny all conclusions, allegations, and implications.

    e. Defendants deny all conclusions, allegations, and implications.

    f. At all relevant times, Defendants deny all conclusions, allegations, and implications.

    g. Defendants assert that their sole owner is Jeffrey Hansell, but deny all remaining conclusions, allegations, and implications.

h.  Defendants assert that they are located next to each other in the Pearl Hotel, but deny all remaining conclusions, allegations, and implications.

i.  Admitted.

j.  Admitted.

k.  Defendants deny all conclusions, allegations, and implications.

l.  Admitted.

m.  Admitted.

n.  Smoke asserts that it had a Smoke general manager involved with employment decisions, such as hiring, termination recommendations, and employee compensation for employees of Smoke and who had no role in such decisions for employees of Thorny Oyster, and Thorny Oyster asserts that it had its own general manager involved with employment decisions, such as hiring, termination recommendations, and employee compensation for employees of Thorny Oyster and who had no role in such decisions for employees of Smoke. Further, Defendants assert that the general managers for Smoke and Thorny Oyster had authority to hire, counsel and discipline and make recommendations for firing of employees for only their respective employers (i.e., Smoke for Smoke employees; Thorny Oyster for Thorny Oyster employees), with final approval residing with Jeffrey Hansell. Defendants deny all remaining conclusions, allegations, and implications.

o.  Smoke asserts that it had a Smoke general manager involved with employment decisions, such as hiring, termination recommendations, and employee compensation for employees of Smoke and who had no role in such decisions for employees of Thorny Oyster, and Thorny Oyster asserts that it had its own general manager involved with employment decisions, such as hiring, termination recommendations, and employee compensation for

4

employees of Thorny Oyster and who had no role in such decisions for employees of Smoke. Further, Defendants assert that the general managers for Smoke and Thorny Oyster had authority to make recommendations for firing of employees for only their respective employers (i.e., Smoke for Smoke employees; Thorny Oyster for Thorny Oyster employees), with final approval residing with Jeffrey Hansell. Defendants deny all remaining conclusions, allegations, and implications.

   p. Defendants deny all conclusions, allegations, and implications.

   q. At the relevant time, Defendants deny all conclusions, allegations, and implications.

   r. At the relevant time, Defendants deny all conclusions, allegations, and implications.

   s. At the relevant time, Defendants deny all conclusions, allegations, and implications.

   t. At the relevant time, Defendants deny all conclusions, allegations, and implications.

   u. Defendants deny all conclusions, allegations, and implications.

   v. Admitted.

   w. Defendants deny all conclusions, allegations, and implications.

   x. Defendants deny all conclusions, allegations, and implications.

   y. Defendants admit that they share common areas that are owned and managed by the Pearl Hotel (bathroom, parking, and trash disposal), but Defendants deny all remaining conclusions, allegations, and implications.

   z. Defendants deny all conclusions, allegations, and implications.

   aa. Defendants deny all conclusions, allegations, and implications.

4934-8130-3948, v. 2

  bb. At all relevant times, Defendants deny all conclusions, allegations, and implications.

 11. Defendants deny all conclusions, allegations, and implications.

## ADMINISTRATIVE PROCEDURES

 12. As Plaintiff does not attach the referenced charge to the Complaint, Smoke is without sufficient information to admit or to deny this allegation and, therefore, denies all conclusions, allegations, and implications.

 13. Thorny Oyster admits that it was aware of Ms. Ollie's charge against Smoke, but it denies all remaining conclusions, allegations, and implications including, but not limited to, that a charge was ever filed against Thorny Oyster and that EEOC satisfied the administrative prerequisites to filing this lawsuit against Thorny Oyster.

 14. Admitted.

 15. Admitted, but Defendants deny that reasonable cause existed, that EEOC can state any claims under the cited statute, that such statute was violated, that EEOC can establish any facts in support of such claims, that EEOC is entitled to seek and/or Charging Party is owed any relief allowed under the cited statute and/or are otherwise entitled to any damages and/or relief

 16. Admitted, but Defendants deny all conclusions, allegations, and implications including, but not limited to, that Smoke and Thorny Oyster are joint employers and/or a single integrated enterprise.

 17. Defendants deny all conclusions, allegations, and implications.

 18. Defendants deny all conclusions, allegations, and implications including, but not limited to, that EEOC engaged in conciliation in good faith.

4934-8130-3948, v. 2

19. Defendants deny all conclusions, allegations, and implications including, but not limited to, that EEOC engaged in conciliation in good faith.

20. Defendants deny all conclusions, allegations, and implications.

21. Defendants deny all conclusions, allegations, and implications.

## COUNT I – PREGNANCY DISCRIMINATION

22. Defendants deny all conclusions, allegations, and implications.

23. Defendants deny all conclusions, allegations, and implications.

24. Charging Party indicated that she was pregnant during her pre-employment interview, but Defendants have no independent verification of whether the same was true. Thus, Defendants are without sufficient information to admit or deny whether Charging Party was actually pregnant and, therefore, deny all conclusions, allegations, and implications.

25. Defendants deny all conclusions, allegations, and implications. Smoke learned of Charging Party's pregnancy when she revealed the same during her pre-employment interview.

26. Defendants assert that Charging Party worked for Smoke for two days, November 9 and 10, 2023, but deny all remaining conclusions, allegations, and implications.

27. Defendants deny all conclusions, allegations, and implications. Smoke learned of Charging Party's pregnancy when she revealed the same during her pre-employment interview.

28. Defendants deny all conclusions, allegations, and implications. Smoke terminated Charging Party's employment on November 11, 2023 for reasons unrelated to pregnancy.

29. Defendants deny all conclusions, allegations, and implications.

30. Defendants deny all conclusions, allegations, and implications.

31. Defendants deny all conclusions, allegations, and implications.

32. Defendants deny all conclusions, allegations, and implications.

4934-8130-3948, v. 2

33. Defendants deny all conclusions, allegations, and implications.

34. In response to the unnumbered paragraph under the heading "**PRAYER FOR RELIEF**," Defendants deny all conclusions, allegations, and implications, including those in subparts A.-I., and they deny that the relief sought in subparts A.-I. is recoverable and/or allowed under the cited statutes and that EEOC/Charging Party are entitled to the requested relief or any relief whatsoever.

## JURY TRIAL DEMAND

35. Smoke denies that there are any issues to be tried by a jury.

36. Smoke denies all conclusions, allegations, and implications of the Complaint not explicitly and expressly admitted herein.

## Affirmative and Other Defenses

1.

The Complaint fails to state a claim upon which relief can be granted against Defendants.

2.

Insofar as any contention of liability set forth in the Complaint was not expressly raised in an administrative charge of discrimination with EEOC within the time prescribed by Title VII, which said statute is pled as a defense and as a statute of limitation, there has been a failure to exhaust administrative remedies as to such claims, such claims are barred, and such claims should be dismissed with prejudice. Additionally, insofar as EEOC did not commence this action within the time prescribed by Title VII, which is pled as a defense and a statute of limitation, the claims are barred and should be dismissed with prejudice.

Further, Smoke is not an employer within the meaning of Title VII and, therefore, is not subject to Title VII, as it did not have fifteen or more employees for each working day in each of

twenty or more calendar weeks in the relevant calendar years. Charging Party was not an employee of Thorny Oyster and Thorny Oyster was not involved in employment decisions related to Charging Party. In addition, Defendants are not a single integrated enterprise or joint employers. Nevertheless, Thorny Oyster joins in the affirmative and other defenses below in the alternative.

Defendants will file a Motion to Dismiss Plaintiff's Title VII Claims for Lack of Subject Matter Jurisdiction under Federal Rule of Civil Procedure 12(b)(1) by the deadline set by the Court, and Defendants incorporate herein by reference all factual and legal arguments that will be made therein as affirmative and/or other defenses.

3.

As EEOC failed to engage in the conciliation process in good faith, the time for conciliation had not expired, and/or EEOC failed to satisfy any and all prerequisites to filing suit, the claims are barred and should be dismissed with prejudice.

4.

Charging Party was an at-will employee of Smoke, and all actions about which EEOC/Charging Party complain, including Charging Party's termination, were based on legitimate, non-discriminatory reasons unrelated to pregnancy. Charging Party was not employed by Thorny Oyster and Thorny Oyster was not involved in employment decisions related to Charging Party, including her termination.

5.

EEOC/Charging Party cannot state a *prima facie* case of sex discrimination under Title VII based on any of the actions about which EEOC/Charging Party complain, nor can they demonstrate that Defendants' non-discriminatory reasons for their actions and/or inactions were pretextual. The alleged conduct about which EEOC/Charging Party complains was not based on sex.

4934-8130-3948, v. 2

Charging Party was not employed by Thorny Oyster and Thorny Oyster was not involved in employment decisions related to Charging Party.

6.

Alleged sex discrimination played no role in Defendants' actions/inactions, none of Defendants' actions/inactions were based upon a specific intent to discriminate against Charging Party, and all of Defendants' actions/inactions were based on legitimate, non-discriminatory, lawful justifications.  Alternatively, Defendants aver that even if such considerations were found to have been factors in the conduct about which EEOC/Charging Party complain (which is denied), Defendants' actions/inactions would have occurred absent such considerations and, therefore, EEOC/Charging Party are not entitled to seek and/or EEOC/Charging Party are not owed any damages, non-monetary/equitable/injunctive relief and/or any other monetary amounts/relief sought in the Complaint.  Charging Party was not employed by Thorny Oyster and Thorny Oyster was not involved in employment decisions related to Charging Party.

7.

Because Defendants did not violate Title VII, because Charging Party's employment was at-will, and because the Complaint fails to allege facts or circumstances sufficient to support claims under Title VII and/or to support any relief, recovery, and/or damages, EEOC/Charging Party are not entitled to injunctive relief and/or an order directing Defendants to take action, and Charging Party is not entitled to reinstatement or future wages in lieu of reinstatement, and there can be no recovery by EEOC/Charging Party of past or future pecuniary losses, medical expenses, job search expenses, past or present nonpecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, humiliation, lost income, back wages, front pay, lost benefits, mental anxiety and stress damages, emotional distress damages, compensatory, actual, and/or punitive damages,

attorneys' fees, costs, expenses, pre- or post-judgment interest, any other monetary recovery and/or damages, any equitable relief, and/or any other statutory relief.

8.

The actions/inactions of Defendants were in good faith, were not based on discriminatory motives, were not based on sex, were predicated upon reasonable grounds supporting the belief that their actions/inactions did not constitute violation of any law, were not willful, were not fraudulent, were not extreme or outrageous, were not taken with actual malice, reckless indifference, or gross negligence evidencing a willful, wanton, or reckless disregard for the safety of others and/or federally protected rights. Alternatively, the recovery sought by EEOC/Charging Party should be limited/capped in conformity with § 1981a and/or any other applicable laws. In addition, the recovery sought by EEOC is not proportionate, not reasonably related to the harm EEOC/Charging Party claim to have suffered, and/or is not in response to reprehensible conduct.

9.

Defendants assert all defenses to punitive damages. EEOC/Charging Party are not entitled to any relief against Defendants, and no recovery may be had against Defendants for each and all of the reasons contained in this Answer and Affirmative and Other Defenses to the First Amended Complaint, and because Defendants have not violated the law, and because punitive damages cannot be awarded as the alleged conduct on which they are based is contrary to Defendants' good faith efforts to prevent such conduct and Defendants' good faith belief that their conduct was lawful. Further, Defendants state that as a matter of law EEOC/Charging Party may not seek punitive damages, such damages are not justified by the actual facts in this case, and any award of punitive damages would be a violation of the constitutional and statutory safeguards provided to Defendants under the laws and Constitution of the United States of America and the State of

Mississippi. Specifically, but not limited to: a) any imposition of punitive damages in this case would violate procedural and substantive due process in that the basis for imposing liability, for awarding such damages and for trial and appellate review of any such award is vague, retroactive, limitless, standardless and not rationally related to any legitimate governmental interest; b) any imposition of such damages in this case would constitute an excessive fine and violate due process; c) any imposition of such damages in this case based on wealth would violate equal protection; d) any imposition of such damages in this case would violate procedural safeguards in that such damages are penal in nature; e) any imposition of such damages in this case would constitute an ex post facto law; f) the existing procedures permit multiple awards of punitive damages for the same alleged act; g) the existing procedures include no requirement of any relationship between EEOC's/Charging Party's actual injury and the amount of punitive damages; and h) the existing procedures allow the imposition of vastly different penalties for the same or similar acts. Further, Defendants' conduct was not intentional, malicious, or with reckless indifference to Charging Party's federally protected rights.

10.

EEOC/Charging Party have suffered no damages based on any allegations in the Complaint.

11.

Defendants did not do, nor fail to do, anything that caused or contributed to EEOC's/Charging Party's alleged damages.

12.

EEOC/Charging Party are not entitled to and have not established the right to any amount of alleged damages and/or other relief sought in the Complaint.

4934-8130-3948, v. 2

13.

Charging Party unreasonably failed to take advantage of Defendants' procedures and policies designed to prevent the conduct alleged and she failed to take reasonable steps to avoid the harm about which EEOC/Charging Party now complain and any alleged damages.

14.

EEOC/Charging Party failed to exercise due diligence and failed to mitigate the consequences of the actions/inactions about which EEOC/Charging Party complain including, but not limited to, finding and maintaining comparable employment.

15.

EEOC's/Charging Party's alleged damages were caused by and/or contributed to by preexisting conditions, intervening causes unrelated to any employment relationship between Charging Party and Defendants, and EEOC/Charging Party caused and/or have engaged in contributory conduct.

16.

Any alleged damages were proximately caused by or contributed to solely by the conduct, wrongs, and omissions of EEOC/Charging Party or other persons, entities, forces, or things over which Defendants had no control, for which Defendants bear no legal responsibility, and/or for which Defendants had no knowledge, or reason to have such knowledge.

17.

EEOC's/Charging Party's contentions of liability and alleged damages are subject to, barred by, or diminished by applicable statutes of limitations, the doctrines of equitable estoppel, judicial estoppel, collateral estoppel, res judicata, waiver, misrepresentation, laches, after-acquired evidence, comparative fault, contributory fault, justification, unjust enrichment, exclusivity

provision of applicable workers' compensation statutes, consent, unclean hands, failure to complain in a timely manner, detrimental reliance, equity, offset, credit, ratification, acquiescence, and any interim earnings or amounts earnable with reasonable diligence since the time of the Charging Party's separation from employment are a set off against and reduce the monetary recovery sought in this case, including any award of back pay, front pay, and/or other damages. Additionally, only one satisfaction is allowed for any alleged actions/inactions of Defendants resulting in alleged damages.

18.

Defendants deny each and every conclusion, allegation, and implication of the Complaint not explicitly and expressly admitted herein.

19.

The Complaint does not describe the claims asserted against Defendants with sufficient particularity to enable Defendants to determine all of the defenses available to them in response to this action. Defendants reserve the right to amend/supplement this Answer and Affirmative and Other Defenses to the First Amended Complaint and to assert any additional defenses, affirmative or otherwise, and crossclaims and/or counterclaims, which may be discovered during the course of additional investigation and discovery.

20.

Defendants invoke and reserve all applicable rights and defenses created by Rules 8 and 12 of the Federal Rules of Civil Procedure.

21.

Defendants deny that there are any issues to be tried by a jury.

22.

The Complaint is frivolous, unreasonable and/or groundless, totally and wholly without merit, filed and maintained in bad faith, sanctionable under Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927, and, therefore, should be dismissed in its entirety with prejudice and Defendants should be awarded their reasonable attorneys' fees, expenses, and costs incurred in the defense of this action.

**WHEREFORE, HAVING ANSWERED**, Defendants respectfully move the Court, after due proceedings are had, to enter judgment in Defendants' favor on all allegations of the Complaint, dismissing EEOC's claims and lawsuit in their entirety, taxing all costs against EEOC, awarding Defendants their reasonable attorneys' fees and expenses, and granting Defendants all other relief that this Court deems proper.

Respectfully submitted, this the 3rd day of February, 2026.

**SMOKE BBQ LLC d/b/a COSMOS THORNY OYSTER LLC**

By:   */s/ Martin J. Regimbal*
**MARTIN J. REGIMBAL 102507(MS)
THE KULLMAN FIRM
A PROFESSIONAL LAW CORPORATION**
410 Main Street
Columbus, MS 39701
Post Office Box 827
Columbus, MS   39703-0827
Tel.:  (662) 244-8825
Fax:   (662) 244-8837
mjr@kullmanlaw.com

*Attorney for Defendant*

4934-8130-3948, v. 2

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day a copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which sent notice to:

Marsha Lynn Rucker
Austin T. Russell
Carl Chang
William Thompson
EEOC, Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 651-7045
Email: marsha.rucker@eeoc.gov
austin.russell@eeoc.gov
carl.chang@eeoc.gov
William.thompson@eeoc.gov

Benjamin G. Cain
EEOC, Jackson Area Office
Dr. A.H. McCoy Federal Bldg.
100 W. Capitol St., Suite 338
Jackson, Mississippi 39269
Tel.: (205) 651-7068
Email: benjamin.g.cain@eeoc.gov

*Attorneys for Plaintiff*

**THIS**, the 3rd day of February, 2026.

*/s/ Martin J. Regimbal*
**MARTIN J. REGIMBAL**

4934-8130-3948, v. 2