**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | ) ) ) | |
| **Plaintiff,** | ) ) | **CIVIL ACTION NUMBER:** **1:25-cv-00278-TBM-RPM** |
| **v.** | ) ) | |
| **SMOKE BBQ LLC D/B/A COSMOS and THORNY OYSTER LLC** | ) ) ) | |
| **Defendants.** | ) | |

---

**PROPOSED CONSENT DECREE**

---

THIS CONSENT DECREE has been made and entered into by and between Plaintiff United States Equal Employment Opportunity Commission ("EEOC") and Defendants Smoke BBQ LLC d/b/a Cosmos and Thorny Oyster LLC ("Defendants") in the above-referenced Civil Action No. 1:25-cv-00278-TBM-RPM. The EEOC filed this action pursuant to Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e et seq. ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices based on sex and provide appropriate relief to Charging Party Brittany Ollie. In its Complaint, the EEOC alleged that Defendants unlawfully terminated Charging Party Ollie because of her pregnancy.

In the interest of resolving this matter, the EEOC and Defendants (collectively, the "Parties") have agreed that this action shall be resolved by entry of this Consent Decree ("Decree"). This Decree, being entered with the consent of the Parties for purposes of settlement, does not constitute an adjudication on the merits of this lawsuit and is not an admission by Defendants of

1

any violations of Title VII. Defendants have consented to the entry of this Decree to avoid the additional expenses that continued litigation of this case would involve.

The Parties have agreed this Decree may be entered into without trial or further adjudication of the claims made by the Commission in this lawsuit and without findings of fact and conclusions of law having been made and entered by the Court, and the Parties waive their rights to a hearing, the entry of findings of fact and conclusions of law, and a jury trial. The Parties agree that the terms of this Decree are adequate, fair, and reasonable. The Parties, therefore, hereby stipulate and consent to the entry of this Decree as final and binding on the Parties during the period of the Decree. For purposes of this Decree, the Parties do not object to the jurisdiction of this Court over the Parties and the subject matter of this lawsuit and agree to the power of this Court to approve this Decree and enforce it as to the Parties.

In consideration of the mutual promises and agreements contained in this Decree, the sufficiency of which is hereby acknowledged, the Parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED, AND DECREED that:

**<u>GENERAL PROVISIONS</u>**

1.     The Parties agree, and the Court finds, that this Court has jurisdiction over the subject matter of this action and personal jurisdiction over the Parties, that venue is proper, and that all administrative prerequisites to the filing of this action have been met, and/or that Defendants have waived solely for purposes of this Decree any arguments as to subject matter jurisdiction, personal jurisdiction, venue, and satisfaction of administrative prerequisites. The EEOC's Complaint states claims and allegations which, if proved, would authorize this Court to grant relief against Defendants.

2.     This Decree has been made and entered into by the Parties, who have agreed that its terms are adequate, fair, and reasonable. This Decree resolves all issues raised in the EEOC's Complaint and Charging Party's Charge of Discrimination 425-2024-00740 ("Charge of Discrimination"), and the EEOC has closed the Charge of Discrimination before the entry of this Decree. Accordingly, the Parties have waived all further litigation of issues raised in the EEOC's Complaint and the Charge of Discrimination. The Charge of Discrimination has been closed, and the EEOC will not use the Charge of Discrimination as a jurisdictional basis for litigation.

3.     This Decree is final and binding upon each of the Parties and their agents, officers, employees, servants, successors, and assigns.

4.     This Decree is not in derogation of the rights or privileges of any person but adequately protects the rights of the Parties, Charging Party, and the public interest.

5.     This Decree conforms with the Federal Rules of Civil Procedure and Title VII, and entry of this Decree will further the objectives of Title VII and is in the best interests of the Parties, Charging Party, and the public.

### FORCE AND EFFECT

6.     This Decree shall be filed in the United States District Court for the Southern District of Mississippi, Southern Division, and the Court shall retain jurisdiction over this case during the period of the Decree, to enforce the terms of the Decree.

7.     The duration of this Decree shall be two years from its date of entry. For all purposes in this Decree, the date of entry is the date the Court enters it into the record with the presiding judge's signature (the "Effective Date").

8.     The Court shall retain jurisdiction for the duration of the Decree, during which period the EEOC may petition this Court to enforce compliance with this Decree. Should the Court

determine that Defendant has not complied with this Decree, appropriate relief, including extension of the Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

9.    This Decree shall expire by its own terms at the end of its duration unless the EEOC has moved the Court for relief thereunder. If the EEOC has moved for relief when the Decree would otherwise expire, the Decree shall continue in full force and effect until the Court (i) orders otherwise or (ii) resolves the EEOC's motion.

10.    No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, approved by the Parties to this Decree, and approved or ordered by the Court.

11.    Nothing in this Decree, either by inclusion or exclusion, shall be construed to limit the obligations of the Defendants to comply with any provision of Title VII or any regulations implementing Title VII.

12.    Nothing in this Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the EEOC's authority to process or litigate any future charge of discrimination filed with the EEOC against Defendants.

## MONETARY RELIEF FOR CHARGING PARTY

13.    Defendant shall pay monetary relief in the total aggregate amount of $25,500.00 to Charging Party Brittany Ollie allocated as $5,500.00 in backpay and interest, with all of this amount being subject to applicable withholding taxes, and $20,000.00 in non-wage compensatory and punitive damages. The payments will be made in installments.  The first payment of $5,500.00 for backpay and interest, from which withholdings required by law will be made, shall be made no later than twenty-one (21) days after this Decree is entered by the Court and after Defendants have

received related tax reporting form(s) and Exhibit B executed by Ollie. Thereafter, Defendant will make additional payments in the amount of $5,000.00, from which no withholdings will be made, to Ollie every six months measured from the date this Decree is entered by the Court. Defendants shall mail the checks, by certified mail or tracked delivery, payable to Ollie using the address to be provided by the Commission. Defendants shall provide Ollie appropriate tax reporting forms by the legally required date.  These payments shall satisfy all claims and allegations of the EEOC raised in the lawsuit and/or in the Charge of Discrimination filed by Charging Party Ollie with the EEOC including, but not limited to, any and all wage-based claims/damages/relief, non-wage-based claims/damages/relief, attorneys' fees, expenses, costs and any and all other amounts incurred by the EEOC, Charging Party, and/or on Charging Party's behalf with respect to claims and allegations arising from Title VII  in this lawsuit and/or the Charge of Discrimination.  In addition, the payments herein are expressly conditioned on the EEOC closing the Charge of Discrimination before the entry of this Decree. The amounts paid by Defendants shall represent full settlement of any and all such claims and/or allegations of the EEOC raised in the lawsuit and/or in the Charge of Discrimination filed by Charging Party Ollie with the EEOC.  Said satisfaction does not impact Defendants' obligations under the Decree during the period of the Decree.

14.     Concurrently with the payments, Defendants will submit copies of the checks and related correspondence to the Commission, including electronically submitting copies of all such checks and correspondence to the following email address: marsha.rucker@eeoc.gov.

### **NON-DISCLOSURE OF INFORMATION**

15.     Defendants shall ensure that no charge, allegation of discrimination, or reference to this lawsuit against Defendants, is included in the personnel records of Charging Party.

Defendants may retain this information, if any, in a file separate and apart from the personnel records. For inquiries about the Charging Party, Defendants will instruct their owners or general managers to provide only the dates of employment and position held. Notwithstanding the foregoing, nothing in this Decree shall be construed as prohibiting Defendants from responding to or otherwise complying with a lawful court order.

## GENERAL INJUNCTIVE RELIEF

16.     For the duration of this Decree, Defendants are permanently prohibited from discriminating against an applicant or employee on the basis of sex or pregnancy and from retaliating against an employee or applicant because that employee or applicant engaged in any of the following activity:

(a)     opposed any practice made unlawful under Title VII;

(b)     contacted, or filed a charge of discrimination with, the Commission or a state agency in relation to Title VII;

(c)     testified, assisted or participated in any manner in any inquiry, investigation, proceeding, or hearing concerning an alleged violation of Title VII; or

(d)     participated in any manner in this action or in the EEOC investigation giving rise to this action.

## POLICIES AND PROCEDURES

17.     Within twenty-one (21) days of the date of entry of this Decree, Defendants shall draft, review, revise as necessary, and disseminate its written policies and procedures so that they conform to all requirements of Title VII and this Decree ("EEO Policies"). At a minimum, those policies shall contain and provide for the following:

(a)      a statement expressing Defendants' commitment to a workplace that complies with Title VII and is free of unlawful discrimination, harassment, and retaliation;

(b)      an explanation of the anti-discrimination and anti-retaliation laws, including Title VII, enforced by the EEOC;

(c)      clear definitions of discrimination because of sex and pregnancy with examples where appropriate;

(d)      conveniently accessible, confidential, and reliable mechanisms for reporting incidents of discrimination, harassment, and retaliation;

(e)      designation of at least two (2) individuals as investigative officers to receive and investigate reports of harassment, discrimination, or retaliation, whether perpetrated by employees or customers;

(f)      a statement that reports of discrimination, harassment, or retaliation may be made to any supervisory employee and to any member of Defendants' management who shall convey the reports to an investigative officer;

(g)      a statement that reports of discrimination, harassment, or retaliation may be made orally or in writing and may be made anonymously;

(h)      dissemination of the telephone numbers and mailing and email addresses of supervisory or management staff to whom reports of discrimination, harassment, or retaliation may be made;

(i)      a requirement that any supervisory employee who observes or otherwise obtains information that may reasonably be viewed as discrimination, harassment, or retaliation report such information immediately to an investigative officer;

(j)      a statement that Defendants, its officers, directors, managers, supervisors, recruiters, and human resource personnel will be trained on the requirements of Title VII and the policies and procedures required by this Decree;

(k)      a statement that describes in detail the consequences, up to and including termination, that may be imposed upon violators of Title VII and the policies and procedures required by this Decree;

(l)      a statement that provides assurances that Defendants will endeavor to investigate all allegations of discrimination, harassment, or retaliation as promptly, fairly, reasonably, effectively, and expeditiously as reasonably possible under the particular circumstances surrounding such allegations, and a statement that Defendant will endeavor to take such appropriate corrective action as reasonably necessary under the circumstances surrounding such allegations of discrimination, harassment, or retaliation;

(m)      a requirement that each investigation of discrimination, harassment, or retaliation be kept as confidential as reasonably possible;

(n)      a statement that requires Defendants to thoroughly review these policies and procedures with all employees as part of their employee orientations and scheduled trainings at all of Defendants' facilities and locations;

(o)      a statement that requires and provides a system for ensuring the dissemination of Defendants' discrimination, harassment, and retaliation policies and the policies and procedures generated by this Decree to all Defendants' employees; and

(p)       a requirement that any employee complaints of discrimination, harassment, or retaliation be documented on an incident report and maintained throughout the term of this Decree.

18.    Within thirty (30) days of the entry of this Decree, Defendants will post a copy of the EEO Policies in the same location where other employee communications are posted and provide a paper or electronic copy of the EEO Policies to each current employee. A copy of the EEO Policies shall be provided to each new employee in paper or electronic form within five (5) days of their hire. Employees shall be advised that they are permitted to keep the EEO Policies and take the EEO Policies home with them for their own records.

## TRAINING

19.    Within sixty (60) days of the entry of this Decree, and during the term of this Decree, Defendants shall provide all employees, supervisors, managers, and owners mandatory training. The training shall be no less than (2) hours in length. The training session shall include, at a minimum:

(a)       Title VII's provisions and Defendants' policies regarding discrimination, harassment, and retaliation;

(b)       the importance of maintaining an environment free from discrimination, harassment, and retaliation;

(c)       practical examples aimed at the prevention of discrimination, harassment, and retaliation;

(d)       specific examples of discrimination because of sex and pregnancy;

(e)       the types of disciplinary action that shall be taken against any employee who engages in discrimination, harassment, or retaliation; and

(f)    avenues available to employees to submit internal complaints of discrimination, harassment, or retaliation.

20.    Defendants must ensure that each training is presented by a third-party trainer qualified by education and experience with Title VII.

## POSTING

21.    Within fourteen (14) days of the entry of this Decree, Defendants shall post 8½-inch-by-11-inch sized copies of the notice attached as Exhibit A to this Decree on all locations usually used by Defendants on its premises for announcements and notices. This notice shall remain posted throughout the term of this Decree.

## REPORTING

22.    Within thirty (30) days after completing the review required by paragraph 17 of this Decree, Defendants shall report to the Commission that the review has been completed and, to the extent that Defendants determine that revisions or updates are necessary, Defendants shall describe the steps it has taken to revise, update, and distribute its policies and shall include a copy of all revised policies.

23.    On an annual basis for the duration of this Decree, Defendants shall provide the Commission a report on the following:

(a)    A current copy of Defendant's EEO Policies;

(b)    A summary of training conducted pursuant to Paragraphs 19, which shall include

(i)    the date, location, and duration of the training;

(ii)    a copy of a registry of attendance, including the full name and position or title of each person in attendance;

(iii)    a copy of the presentation and any other handouts; and

(iv)    the name of the trainer and the trainer's qualifications.

(c)    A certification of compliance with the Notice and Posting requirements described in Paragraph 21, with a photograph of the posted materials in Defendants' locations; and

(d)    A list of all management or supervisory personnel with responsibility for enforcing Defendants' EEO Policies, including name, title, and date of hire.

## MONITORING

24.    The Commission shall have the right to monitor and review compliance with this Decree. Defendants shall cooperate with the Commission in any review function as it relates to this Decree. Upon fourteen (14) days' prior written notice as part of a review, and on a reasonable day and time, the Commission may inspect Defendants' facilities, interview employees, and examine and copy documents. Defendants will make all employees available to the Commission and shall permit non-management employees to speak confidentially with the Commission for the purposes of verifying compliance with this Decree.

## SUCCESSOR NOTIFICATION

25.    For the duration of this Decree, prior to the full or partial sale or transfer of Defendants' ownership rights or interests, Defendants shall provide written notice of this Decree and its contents to any potential purchaser or transferee. Defendants shall send the Commission a copy of the written notice at the same time it sends the written notice to the potential purchaser or transferee.

26.    For the duration of this Decree, Defendants shall provide notice and a copy of this Decree to any successors or any other corporation or other entity that acquires Defendants and any other corporation or other entity into which Defendants may merge. Defendants shall send the

Commission a copy of the written notice at the same time it sends the written notice to the successor entity.

## DISPUTE RESOLUTION

27.     If, during the duration of this Decree, the Commission believes that Defendants have failed to comply with any provision of this Decree, the Commission shall notify Defendants or its counsel of the alleged non-compliance and shall afford Defendants thirty (30) days thereafter to remedy the non-compliance or to satisfy the Commission that the alleged non-compliance is not well founded.   If Defendants have not remedied or otherwise addressed the alleged non-compliance to the Commission's satisfaction within thirty (30) days, the Commission may apply to the Court for appropriate relief.

## DECREE COMMUNICATIONS

28.     Except as otherwise provided for in this Decree, all notifications, reports, or other communications to the Parties pursuant to this Decree shall be made in writing and emailed (or, with advance written permission, mailed) to the following persons (or their designated successors):

a.     For the EEOC: Marsha Rucker, Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205, marsha.rucker@eeoc.gov.

b.     For Defendants: P.O. Box 2085, Bay St. Louis, MS 39521.

Notwithstanding this paragraph, a party may change such addresses or identify a different designee by written notice to the other party setting forth a new address for this purpose or identifying a different designee without Order of the Court or approval of the other party.

## COSTS AND ATTORNEYS' FEES

29.    The Parties shall bear their own attorneys' fees and costs incurred in this action up to the date of the entry of this Decree.

## PLAINTIFF'S REPORTING REQUIREMENTS UNDER IRC §§ 162(f) AND 6050X

30.    The Commission may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the Commission is required to do so, the Commission will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

a.    Defendants will provide their EINs to the Commission upon request after the entry of this Decree. The individual to whom the Commission should mail a copy of the form 1098-F, if the Commission is required to issue one also will be identified at that time.

b.    The Commission has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

c.    The provision of the Form 1098-F by the Commission does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

d.    Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the Commission.

e.    The Parties are not acting in reliance on any representations made by the Commission regarding whether the amounts paid pursuant to this Decree qualify for a deduction under the Internal Revenue Code.

SO ORDERED, ADJUDGED, and DECREED this 31st day of March, 2026.

_____
UNITED STATES DISTRICT JUDGE

13

APPROVED AND CONSENTED TO BY:

_____
AUTHORIZED REPRESENTATIVE
FOR DEFENDANT SMOKE BBQ LLC

Date: 3-19-26

_____
AUTHORIZED REPRESENTATIVE
FOR DEFENDANT THORNY OYSTER LLC

Date: 3-19-26


CATHERINE L. ESCHBACH
ACTING GENERAL COUNSEL

CHRISTOPHER LAGE
DEPUTY GENERAL COUNSEL


_____
MARSHA L. RUCKER
REGIONAL ATTORNEY
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Date:    3-23-2026

_____
(Printed Name)

_____
(Printed Name)


MARSHA RUCKER
_____
(Printed Name)

14

**EXHIBIT A**

**NOTICE TO ALL EMPLOYEES**

This Notice is posted pursuant to the terms of the Consent Decree entered as part of an agreement between the Equal Employment Opportunity Commission and Smoke BBQ LLC d/b/a Cosmos and Thorny Oyster LLC.

Title VII of the Civil Rights Act of 1964 prohibits discrimination against any employee or applicant because of their sex, race, color, religion, and national origin in all employment practices, including hiring, firing, advancement, compensation, training, and other terms, conditions, and privileges of employment. The law also makes it illegal to retaliate against a person because the person complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit. Other federal laws prohibit employment discrimination because of age, disability, and genetic information. The Pregnant Workers Fairness Act prohibits discrimination or harassment against an applicant or employee because of pregnancy, childbirth, or related medical conditions.

Ownership and Management of Cosmos and Thorny Oyster wish to emphasize our fundamental policy of providing equal employment opportunity in all its operation and in all areas of employment practices. We seek to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age, or disability.

Employees are encouraged to report allegations of discrimination or retaliation by notifying Ownership or Management. We will thoroughly investigate any of these reports and take appropriate action against any person found to have engaged in such conduct. We will not retaliate against any employee because he or she has opposed any practice made an unlawful practice of employment discrimination or has filed charges, testified, assisted, or participated in any manner in any such investigation, proceeding, hearing or lawsuit.

An employee who believes their rights have been violated may also contact the U.S. Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination at the address and telephone number listed below. Please be aware that there are strict time periods for filing such charges.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Jackson Area Office**
**Dr. A. H. McCoy Federal Building**
**100 West Capitol Street**
**Jackson, Mississippi 39269**
**Telephone: 1 (800) 669-4000**

**<u>DO NOT REMOVE THIS NOTICE!</u>**

**EXHIBIT – B**

**CHARGING PARTY RELEASE**

In consideration for the amounts paid to me by Defendants in connection with the resolution of the Lawsuit filed by the EEOC (*Equal Employment Opportunity Commission v. Smoke BBQ LLC d/b/a Cosmos and Thorny Oyster LLC*, Civil Action Number 1:25-CV-00278-TBM-RPM) and my Charge of Discrimination 425-2024-00740 ("Charge of Discrimination"), I waive my right to recover for any claims arising under Title VII of the Civil Rights Act of 1964 that I have against Defendants prior to the date of this release and that were included in or could have been included in the Lawsuit and/or Charge of Discrimination, and I understand that the EEOC will close the Charge of Discrimination before the entry of the Consent Decree resolving the Lawsuit.

Date:_____  Signature :_____